Diane DIYORIO, Plaintiff–Appellant,

v.

AT&T, a corporation, Defendant,

and

Avaya, Inc., a corporation; Steven Waltrich; Eric Rossman, Defendants–Appellees.

No. 05–56414.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 25, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Keith A. Fink, Esq., Keith A. Fink & Associates, Los Angeles, CA, for Plaintiff–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Stefan R. Miller, Torrance, CA, for Defendant/Defendants–Appellees.

Before: TROTT, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

In this diversity action, Diane Diyorio appeals the district court's order granting summary judgment to defendants Avaya, Inc., Steven Waltrich, and Eric Rossman (collectively, "defendants"). Diyorio alleges under California law that defendants discriminated against her on the basis of her age and gender in firing her. She also alleges claims for unlawful retaliation, wrongful termination in violation of public policy, intentional infliction of emotional distress, violation of an implied-in-fact employment contract, and violation of California's unfair competition law. On summary judgment, the district court held that Diyorio failed to present evidence creating a genuine issue of material fact on any of these claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review the district court's order granting summary judgment de novo. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219–20 (9th Cir.1998). Our task is to "determine, viewing the evidence in the light most favorable to the nonmoving party, whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law." *Id.* at 1220; *see also* Fed.R.Civ.P. 56(c).

1. Because the parties are familiar with the procedural and factual background of the case, we do not recite it, except as necessary to understand our disposition.

California courts rely on the *McDonnell Douglas*[2] framework in reviewing claims that employers have engaged in discrimination in violation of California Government Code § 12940. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113 (2000). Under that framework, a plaintiff relying on indirect evidence of discrimination must first establish a prima facie case of discrimination, which gives rise to a presumption of discrimination. *Id.* at 1113–14. Once the employer responds by offering a legitimate, nondiscriminatory reason for the adverse employment action, however, the presumption of discrimination drops out. *Id.* at 1114. At that point, to survive summary judgment, the plaintiff can offer evidence either that the employer was motivated by discrimination, or that the employer's stated reasons were not its true reasons or motivation for the adverse action. *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028 (9th Cir.2006).

■ We assume without deciding that Diyorio established a prima facie case of age and gender discrimination. Defendants, however, have offered several legitimate, nondiscriminatory reasons for Diyorio's discharge, including Diyorio's failure timely to comply with repeated directives regarding use of the company's scheduling and sales tracking software programs, her delay in cutting unnecessary expenses, her lack of initiative in developing her relationship with the local Avaya sales team, and her negative response to being placed on a short-term performance improvement plan. Diyorio has failed to discredit any of these reasons. Nor has she put forward any other appreciable evidence of discriminatory motive on defendants' part. There-

fore, the district court correctly granted summary judgment for defendants on Diyorio's claim of employment discrimination.

■ Diyorio also asserts that defendants fired her in retaliation for complaining of age and gender discrimination, in violation of California Government Code § 12940(h). Under that provision, an individual complaining of discrimination is protected against employer retaliation, even if the challenged conduct is not ultimately found to be discriminatory, so long as she reasonably and in good faith believed that discrimination was occurring. *Yanowitz v. L'Oreal USA, Inc.,* 36 Cal.4th 1028, 32 Cal.Rptr.3d 436, 116 P.3d 1123, 1130–31 (2005); *see also Miller v. Dep't of Corrections,* 36 Cal.4th 446, 30 Cal.Rptr.3d 797, 115 P.3d 77, 95 (2005). In this case, Diyorio has not demonstrated any basis for a reasonable belief on her part that her employers were behaving in a discriminatory manner towards her, and so she cannot claim the protection of § 12940(h). Summary judgment as to Diyorio's retaliation claim was properly granted.[3]

Three of Diyorio's remaining claims are premised on her allegations of age and gender discrimination: (1) wrongful termination in violation of public policy; (2) intentional infliction of emotional distress; and (3) violation of California's unfair competition law. Cal. Bus. & Prof.Code § 17200 *et seq.* Given Diyorio's failure to come forward with evidence that would allow a reasonable factfinder to find that defendants discriminated against her, those claims also necessarily fail.

Finally, Diyorio alleges that she was fired in violation of an implied-in-fact em-

---

**2.** *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**3.** Although we doubt that Diyorio's offhand remark was sufficient to amount to a "complaint" of age or gender discrimination, we need not reach that issue.

ployment contract providing that she would not be fired without cause. She also argues that once defendants put her on a short-term performance improvement plan with a deadline of February 1, 2003, to meet its goals, this action amounted to a promise that she would not be fired before that date.

Although California law presumes that employment is at-will, that presumption can be overcome by a showing that the parties entered into a different agreement, such as an implied-in-fact contract not to discharge without cause. Cal. Lab.Code § 2922; *Guz,* 100 Cal.Rptr.2d 352, 8 P.3d at 1100–01. Evidence demonstrating such an implied-in-fact contract may include "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373, 387 (1988) (citation and internal quotation marks omitted).

■ Here, Avaya's written personnel policies provide that employment with the company is at-will. Although Diyorio points to the longevity of her employment, this factor standing alone cannot overcome California's statutory presumption that employment is at-will and Avaya's express policies affirming that principle. *See Guz,* 100 Cal.Rptr.2d 352, 8 P.3d at 1104–05. The fact that a company official allegedly asked Diyorio to stay on with Avaya rather than taking an early retirement in 2001 is also insufficient to show an implied-in-fact contract. *Cf. Foley,* 254 Cal.Rptr. 211, 765 P.2d at 388 (acknowledging that "oblique

language will not, standing alone, be sufficient to establish agreement" to a non-at-will employment contract) (citation and internal quotation marks omitted). Finally, there is no suggestion anywhere in Diyorio's short-term development plan that her job was secure until February 2003. No reasonable factfinder could find on this record that Diyorio and Avaya had entered into a mutual understanding guaranteeing Diyorio that she would not be fired without cause, or assuring her employment to February 2003.[4]

The district court correctly granted summary judgment to defendants on all of Diyorio's claims.

**AFFIRMED.**

---

4. Although Diyorio pled a separate claim alleging that her termination breached the implied covenant of good faith and fair dealing in the employment contract, California law governing employment contracts does not allow such a stand-alone claim in the circumstances of this case. *See Guz,* 100 Cal.Rptr.2d 352, 8 P.3d at 1095.